# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ROGER D. YOUNG,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-124**      (WorkForce W. Va. Bd. of Rev. No. R-2022-2417)

**WORKFORCE WEST VIRGINIA and**
**ORION CONSULTING, LLC,**
**Respondents Below, Respondents**


## MEMORANDUM DECISION

Petitioner Roger D. Young appeals the February 23, 2023, decision of the WorkForce West Virginia Board of Review ("Board"). Respondent Orion Consulting, LLC ("Orion") did not participate in this appeal.[1] WorkForce West Virginia ("WorkForce") filed a response. Mr. Young filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Petitioner Roger D. Young worked as a Safety Consultant for Orion, a construction contracting business. Mr. Young's job duties involved conducting safety inspections of facilities, which included a water treatment plant and landfills. Mr. Young was furloughed due to lack of work caused by the COVID-19 pandemic on May 4, 2020. He filed a traditional unemployment compensation claim on May 17, 2020. As a result of his filing, WorkForce investigated to determine whether he was an independent contractor or an employee of Orion. WorkForce determined that he was an employee, and Orion reported his wages and paid unemployment contributions for Mr. Young retroactive to the first quarter of 2019.

Mr. Young returned to work at Orion's request, but later resigned from his position on September 28, 2020. Upon his return, Mr. Young interacted with Orion employees and independent contractors from other businesses, who he claimed did not follow COVID-19

---

[1] Mr. Young is self-represented. WorkForce is represented by Kimberly A. Levy, Esq.

protocols by wearing a mask or social distancing.[2] On October 4, 2022, Mr. Young submitted a FOIA request to WorkForce, requesting copies of all records relating to his claim from January 1, 2020, to May 31, 2021. In a fact-finding statement dated October 27, 2022, Mr. Young stated that he was a "contract person" for Orion from April 8, 2019, to September 28, 2020, at a rate of $6,400 per month. Mr. Young also stated that he quit his job on September 28, 2020, due to fear of exposure to COVID-19, as he had heart ablation surgery in 2019, and was at a high risk for complications. He asserted that truck drivers employed by Orion would not wear masks, which was in violation of the Center for Disease Control's ("CDC") guidelines, and that he had to speak to ten to fifteen truck drivers per day as part of his job. Finally, he asserted that he was available for and seeking full-time work.

By letter dated November 2, 2022, Mr. Young's physician, Edward Fisher, M.D., stated that he had a history of atrial fibrillation and asthma. Dr. Fisher stated that Mr. Young's cardiologist informed him that contracting COVID-19 would put him at a high risk for cardiac complications, such as going back into atrial fibrillation.

The WorkForce deputy issued a decision dated November 4, 2022, which found that Mr. Young had voluntarily left or quit his employment due to health reasons. The deputy found that Mr. Young stated that he notified Orion within two days of leaving the job that the job affected or would adversely affect his health. The deputy noted that Mr. Young stated that Orion was not following the CDC guidelines for COVID-19. Further, the deputy found that Mr. Young had failed to provide documentation from a licensed physician within thirty days that his work aggravated, worsened, or will worsen his health. Based on the foregoing, the deputy held that Mr. Young was disqualified from receiving benefits from September 20, 2020, until he returned to covered employment and was employed for at least thirty working days.

Mr. Young appealed the deputy's decision by letter dated November 8, 2022, asserting that he should have been considered an independent contractor rather than an employee of Orion. The Board's administrative law judge ("ALJ") held a hearing on November 28, 2022. At the hearing, Orion Director Todd Schwarz testified for the employer, and Mr. Young and his wife, Rebecca McCoy, also testified. Mr. Young testified that he worked a schedule of twelve-hour days for fourteen days straight, and then had fourteen days off work. Further, he stated that he was classified as an independent contractor, and that his main job duties were to perform inspections of facilities at a water treatment plant and landfills. He further stated that his reason for separation from work was

---

[2] The date that Mr. Young returned to work is not clear from the record. However, Mr. Young states in his brief that he returned to work for approximately three weeks to cover for another independent contractor.

due to concerns regarding COVID-19 in light of his heart condition, and Orion's failure to follow CDC guidelines. With respect to his status as an independent contractor, Mr. Young testified that he took care of his own taxes and paid his own Social Security. However, Mr. Schwarz testified that Mr. Young worked under the direction of an Antero Resources field safety supervisor.

The ALJ issued a written decision dated December 6, 2022, which reversed the deputy's decision and held that Mr. Young was an independent contractor and not an employee of Orion. The ALJ found that Mr. Young worked eighty-five hours per week, with his schedule consisting of twelve-hour days for fourteen straight days, and then fourteen days off work. Further, the ALJ found that Mr. Young received about three months of unemployment benefits under the Pandemic Unemployment Assistance ("PUA") system resulting from the CARES Act. The ALJ found that Mr. Young returned to work as a substitute for another employee but resigned because of exposure to coworkers who were refusing to wear masks, due to his high risk of COVID-19 complications from a heart condition. The ALJ concluded that Mr. Young was required to pay his own taxes, pay worker's compensation premiums, and make full contributions to Social Security, that he did not receive overtime pay, and that he had the ability to direct his own work. The ALJ also noted that Mr. Young had signed a project agreement with Orion which indicated that he was an independent contractor. The ALJ held that this evidence demonstrated that Mr. Young was an independent contractor, not an employee of Orion. Based on the foregoing, the ALJ reversed and remanded the decision of the deputy and held that benefits would have to be evaluated under the PUA system.

WorkForce appealed the ALJ's decision to the Board on December 15, 2022, and the Board issued its written decision on February 23, 2023. In its decision, the Board cited to West Virginia Code § 21A-6-3(1),[3] and held that Mr. Young left work voluntarily without good cause involving fault on the part of the employer, meaning that he was disqualified until he returned to covered employment and was employed for at least thirty working days. The Board found that Mr. Young did not produce evidence that Orion was at fault to establish good cause for voluntarily quitting his employment. Further, the Board stated that its decision was not meant to preclude the ALJ's remand for reconsideration by WorkForce of whether the claimant was an independent contractor of Orion, which was

---

[3] West Virginia Code § 21A-6-3(1) (2020), provides:

Upon the determination of the facts by the commissioner, an individual is disqualified for benefits: (1) For the week in which he or she left his or her most recent work voluntarily without good cause involving fault on the part of the employer and until the individual returns to covered employment and has been employed in covered employment at least 30 working days.

beyond the scope of the Board. The Board noted that the decision, when final, may result in an overpayment of benefits. It is from this decision that Mr. Young now appeals.

Our standard of review in appeals from the Board is as follows:

> The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce W. Va.*, 249 W. Va. 381, __, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994)).

On appeal, Mr. Young asserts fifteen assignments of error. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." Further, "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). We note that several of Mr. Young's assignments of error do not contain citations to the record on appeal.[4]

Turning to the remaining assignments of error, assignment of error number four argues the ALJ and Board erred by continuing their hearing without ensuring that Mr. Young received a fact-finding report; assignment of error number five argues that WorkForce erred by issuing multiple deputy's decisions in the same PUA claim; assignment of error number thirteen argues that the Board erred in stating that there was no fault on the part of Orion; and assignment of error number fourteen argues that

---

[4] Assignment of error number one argues that the Board erred when it allowed WorkForce to file an appeal of the ALJ's decision because WorkForce did not attend the ALJ hearing; assignment of error number two argues that the Board erred when they based their decision on WorkForce's written argument to the Board; assignment of error number three argues that WorkForce failed to request a remand; and assignment of error number fifteen argues that the Board did not consider that Orion was not following COVID-19 protocols. Collectively, these assignments of error are mentioned in passing and are not supported by citations to the record, and thus will not be considered on appeal.

WorkForce included pages that were not a part of the record below. Collectively, these assignments of error do not include any supportive legal authority, and we, therefore, decline to address them on appeal. *See State v. Sites*, 241 W. Va. 430, 442, 825 S.E.2d 758, 770 (2019) (declining to address an assignment of error that includes no legal authority to support the argument).

Finally, Mr. Young raises several assignments of error which involve a single issue, whether the Board erred in determining that Mr. Young was an employee of Orion, and will thus be consolidated.[5] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly.").

West Virginia Code § 21A-1A-16(7) (1997) (amended 2021),[6] provides that:

> Services performed by an individual for wages are employment subject to this chapter unless and until it is shown to the satisfaction of the commissioner that: (A) The individual has been and will continue to be free from control or direction over the performance of services, both under his or her contract of service and in fact; and (B) the service is either outside the usual course of the business for which the service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) the individual is customarily engaged in an independently established trade, occupation, profession or business[.]

Upon review, we find multiple errors in the Board's decision. First, the Board's decision is unclear as to whether Mr. Young was an employee or an independent contractor. Although the decision includes a finding that Mr. Young was an employee, it also states that it does not preclude further consideration of whether Mr. Young was eligible for PUA benefits as an independent contractor. The Board's decision also includes a finding that Mr. Young entered into an agreement setting forth that he was an independent contractor. The Board's decision does not contain sufficient findings of fact, or any analysis of the factors found in West Virginia Code § 21A-1A-16(7) to justify its conclusion that Mr. Young should have been classified as an employee of Orion. The record establishes that Mr. Young was responsible for paying his own taxes, paying for workers' compensation

---

[5] Assignments of error numbers six, seven, eight, nine, ten, eleven, and twelve make arguments regarding the Board's decision to classify Mr. Young as an employee.

[6] This Court notes that West Virginia Code § 21A-1A-16(7) was amended in 2021. However, the underlying facts in the instant appeal occurred in 2020, thus, the former version of the statute is applicable.

premiums, and making full contributions to the Social Security Administration. Further, there are several factual inconsistencies in the record regarding whether Mr. Young filed a traditional unemployment claim or a PUA benefits claim, and as to whether he initially received any benefits or was deemed eligible for benefits.

Accordingly, we must vacate the Board's February 23, 2023, decision, and remand this matter to the Board for further evidentiary proceedings and consideration as to whether Mr. Young should be classified as an employee or an independent contractor.

Vacated and Remanded.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear